### HUNTER v. BAMBERG CO.

1. SHERIFFS—BAMBERG Co.—Under 22 Stat., 584, providing salaries for the officers of Bamberg County, the sheriff is not entitled to receive from the county fees for serving the venires for petit jurors who try civil cases.
2. APPEAL.—A CONSTITUTIONAL objection to a statute not raised below cannot properly come before this Court on motion by respondent to sustain judgment on that ground.

Before BUCHANAN, J., Bamberg, May, 1901. Reversed.

Controversy without action between J. B. Hunter, as sheriff of Bamberg County, and Bamberg County. From Circuit order, county appeals.

*Mr. H. F. Rice,* for appellant, cites: *Sheriff is not entitled to fees for summoning civil jurors:* 22 Stat., 584. *Ambiguous statute should be so construed as to avoid inconvenient results:* 28 S. C., 521. *A point may be first raised in this Court when it supports or tends to support the judgment below:* 26 S. C., 1, 283. *But not when it defeats or tends to defeat the judgment:* 25 S. C., 149, 436, 476, 572, 29, 74, 385. *This Court will not declare a statute unconstitutional*

*unless necessary:* 35 S. C., 42; 42 S. C., 211. *Statutes are presumed to be constitutional:* 42 S. C., 293; 41 S. C., 220.

*Messrs. Inglis & Miley,* contra, cite: *The first order is res judicata:* 17 S. C., 40; 99 N. Y., 488; 19 S. C., 157; 6 Pet., 709; 93 U. S., 277; 21 Ency., 1 ed., 131. *Under the statute creating Bamberg Co., sheriff is entitled to fees for summoning jurors for civil Court:* 56 S. C., 180; Potter's Dwarris on Stats., 257n; End. on Int. of Stats., sec. 4. *On the constitutional question:* Con., art. III., sec. 34, subdivis. X., XI. and XII.; 17 Stat., 300; 22 Stat., 384; 59 Stat., 113.

March 19, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal comes from the judgment of the Circuit Court in a controversy without action upon an agreed statement of facts, and the main question sought to have decided is whether the county of Bamberg is liable to the plaintiff as sheriff for summoning jurors in the Circuit Court. The following orders in reference to the matter were made:

"The question in the above entitled cause being submitted to the Court for decision, it is hereby adjudged and decreed, that the said county of Bamberg is not liable to the sheriff of Bamberg County for summoning jurors in criminal cases; and further, that the said county of Bamberg shall pay the sheriff of Bamberg County the fees allowed by law for summoning jurors on the civil side of the Court. O. W. Buchanan, Judge presiding. Bamberg, S. C., July 27, 1898."

"There appearing to be a misunderstanding as to the meaning of the former order made in this case, in order to settle the question, my judgment is that the plaintiff is not entitled to be paid extra for serving grand jurors, nor for serving petit jurors for any week during which any jury trials on the criminal side of the Court are had. To illustrate in this case, as I am informed, the plaintiff claims as follows:

For serving grand jurors for April term.........$15 00
For serving petit jurors first week April term.... 25 00
For serving petit jurors second week April term.. 25 00
For serving petit jurors for July term.......... 25 00

Total amount claimed.....................$90 00

During the first week of the April term only criminal cases were tried; during the second week only civil cases were tried; while during the July term both criminal and civil cases were tried. Upon this state of facts, the plaintiff is entitled to be paid twenty-five dollars for serving jurors for the second week of the April term, but he is not entitled to be paid any of the other items claimed. O. W. Buchanan, presiding Judge. July 30th, 1898."

"It having been brought to my attention that the purport and effect of the orders heretofore made by me in the above matter, to wit: the order of July 27, 1898, and the order of July 30, 1898, explanatory of said former order, have apparently been misunderstood by the county commissioners of said Bamberg County; now, in order that my judgment in this matter may be made perfectly clear and plain, it is hereby adjudged, ordered and decreed, that the sheriff of Bamberg County aforesaid is not entitled to receive any costs or fees in addition to his salary for serving the venire for any grand jury, nor for any petit jury which shall be exclusively engaged in the trial of cases in the Court of General Sessions; but that whenever a petit jury so summoned by him shall try any case in the Court of Common Pleas, whether during the first or any subsequent week of any term of the Circuit Court, then the said sheriff shall be entitled to receive from said county his full fees and costs for serving the venire for such jury, in addition to any salary now allowed him by law. O. W. Buchanan, presiding Judge. May 10, 1901."

It further appears in the "Case" that the "explanatory order" of July 30th, 1898, was submitted to Judge Buchanan just on the eve of his leaving Bamberg at the close of the

term of Court, and while he was busily engaged in preparations for his departure, and was signed by him after the cursory examination which could be given it under such circumstances; and the Judge himself expressed his surprise when he found that the next time he presided in Bamberg County Circuit Court that the county commissioners had put upon his original order the interpretation that the plaintiff, respondent, is not entitled to his costs for summoning a jury which shall try any criminal case. Under these circumstances, the matter was again brought before him, with full opportunity for the presentation of each side of the question, and the result was the signing of the order of May 10, 1901, from which this appeal is taken.

We are of opinion that the Circuit Court erred in holding that the county of Bamberg is liable to pay sheriff's fees for summoning jurors when used in the trial of civil cases.

The act to establish Bamberg County, approved February 25, 1897, 22 Stat., 584, in sec. 9 provides:

"The sheriff of Bamberg County shall receive in lieu of all costs and fees in criminal cases and for all work within the county the sum of five hundred dollars." The serving of a venire for petit jurors, whether used in the Court of General Sessions or in the Court of Common Pleas, is certainly work done by the sheriff within the county. These words, "and for all work done within the county," cannot be stricken out from the act by the Court, but must receive a construction which is reasonable in view of the object of the legislation. The purpose manifested in the act is to pay county officials out of the county funds salaries in lieu of the fees and costs provided by law which may be chargeable against the county. We see no evidence of an intention to substitute salaries for costs and fees which may not be chargeable against the county. The clerk of the Court, for example, is to receive a salary of so much in lieu of all costs and fees in criminal cases, these being such as may be chargeable against the county; but in civil business for which the county is not liable, he is to receive (from the parties)

such costs as are provided by law.    The coroner is to receive
a salary in lieu of all costs and fees, these being such as may
be chargeable against the county.   So in the case of the sher-
iff, we think the purpose was to pay from the county treasury
a salary in lieu of the claim he might otherwise have against
the county for costs and fees.    In order to aid in the pay-
ment of such salaries, all the officers of the county receiving
salaries in lieu of costs and fees are required to turn all such
costs and fees into the treasury of the county when collected.
We think, therefore, a proper and reasonable construction
of the language, "for all work within the county," would be
"for all work as sheriff within the county for which the
county is liable."   The construction given by the Circuit
Court makes the words quoted meaningless; whereas, the
addition of the words to the preceding language, "costs and
fees in criminal cases," shows an intention to substitute the
salary for other services not strictly within these terms.
That probably the legislature understood that serving a
venire *for jurors* in the Circuit Court was not strictly ser-
vices rendered in criminal cases, since it did not appertain
to any particular cases, civil or criminal, but related gene-
rally to the organiaztion of the Court, and, therefore, added
words which would cover that particular service.   If the
added words are to be given any meaning whatever, it must
be such as we have stated, or else a still broader meaning
must be given that would substitute the salary for all costs
and fees for sheriff's services within the county in civil,
criminal or other matters for which sheriff's costs and fees
are provided.    In either view, the salary is in lieu of sher-
iff's fees for serving venire for petit jurors in the Circuit
Court.

This renders it unnecessary to consider appellant's further
contention, that the order of July 30, 1898, above stated, is
*res judicata* and final, no appeal having been taken there-
from.

Respondent asks that the judgment of the Court below be
sustained on the ground that the act establishing Bamberg

County is unconstitutional, as local or special legislation, in so far as it relates to the matter of salaries. .

But inasmuch as this question was not presented to nor considered by the Circuit Court, we do not deem such question properly before this Court.

The judgment of the Circuit Court is reversed.